O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN DELANEY,                          ) Case No. CV 07-05049 DDP (CTx)
                                       )
                Plaintiff,             )
                                       )
        v.                             ) **ORDER GRANTING MOTION FOR SUMMARY**
                                       ) **JUDGMENT**
LYNWOOD UNIFIED SCHOOL                 )
DISTRICT, RACHEL CHAVEZ,               )
MARTINA RODRIGUEZ, MARIA               ) [Motion filed on May 11, 2009]
LOPEZ, JOSE LUIS SOLACHES,             )
ALFONSO MORALES, GUADALUPE             )
RODRIGUEZ, DHYAN LAL;                  )
ROBERTO CASES; DIANE LUCAS,            )
ANIM MENER, MALCOLM BUTLER,            )
                                       )
                Defendants.            )
_____)

I.    **BACKGROUND**[1]

        Plaintiff John DeLaney, who is Caucasian and over forty, was

working as a teacher at Will Rogers Elementary School ("Will

Rogers") in Defendant Lynwood Unified School District (the

_____

        [1] The evidence provided by the parties in this case does not
always create a linear or coherent narrative of material events or,
in particular, a background for relevant events.  Nevertheless, the
Court will describe the facts as presented by the parties.

1  "District") during Summer 2005 and for the 2005-06 school year.[2]

2  (Statement of Uncontroverted Facts ("SUF") ¶¶ 1-2; Rees Decl. Ex. I

3  ("Delaney Depo") 35.)  Beginning in Fall 2005, Malcolm Butler

4  became the principal at Will Rogers.  (SUF ¶ 3.)

5      During the 2005 school year, Plaintiff states that Butler

6  confronted him in front of his students, angrily berated Plaintiff

7  in a physically threatening manner, and intimidated Plaintiff so

8  that Plaintiff was afraid for his personal safety.  (Delaney Decl.

9  ¶ 9.)  March 20, 2006 was Plaintiff's last day of work.  (SUF ¶ 6.)

10  On September 1, 2006, Plaintiff officially retired from the

11  District.  (SUF ¶ 12.)  However, Plaintiff states that his

12  retirement was "in reality a constructive discharge, or

13  termination, caused by principal Malcolm Butler's threatening and

14  harassing conduct to such a degree that [he] could not then, and

15  still cannot, function as a teacher."  (DeLaney Decl. ¶ 8.)

16      In addition, Plaintiff provides evidence that in 2005, Dhyan

17  Lal, who was the Superintendent of the District until 2008,

18  published an autobiography book in which he detailed negative

19  experiences within the African-American community in various school

20  districts in Los Angeles against Lal personally.  (Statement of

21  Genuine Issues ("SGI") ¶ 2.)  Plaintiff argues that this book is

22  evidence of general racial animus in the District, because the

23  District Board Members do not act to ensure there is no racial

24  discrimination or question Lal's employment recommendations.  (SGI

25  ¶ 9.)   Lastly, Plaintiff presents statistics from the District

26

27      [2] Plaintiff also argues, without providing any evidence, that
28  he is a "long tenured teacher with the District, who had never been
   laid off, terminated, demoted, or disciplined."  (Opp'n 4.)

that show, in general, the number of African-American teachers has declined, while the number of Latino teachers has increased.  (SGI ¶ 11.)

In his Second Amended Complaint ("SAC"), Plaintiff makes the following claims:

> 1) hostile work environment harassment based on race discrimination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940(a);
> 2) discrimination based on age in violation of FEHA § 12940(h);
> 3) failure to prevent harassment in violation of FEHA § 12940(h);
> 4) constructive wrongful termination due to hostile work environment harassment based on age discrimination in violation of FEHA § 12940(k);
> 5) racial discrimination under Title VII, 42 U.S.C. § 2000e, et seq.;
> 6) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.

(SAC 5-11.)  Defendant now moves for summary judgment on all of Plaintiff's claims.

## II.   LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining a motion for summary judgment, all reasonable inferences from the evidence must be drawn in favor of the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law."  Anderson, 477 U.S. at 248.  However, no genuine issue of fact exists "[w]here the

1  record taken as a whole could not lead a rational trier of fact to
2  find for the non-moving party." <u>Matsushita Elec. Indus. Co. v.</u>
3  <u>Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

4  **III. DISCUSSION**

5       A.   <u>Race and Age Discrimination under ADEA, FEHA, and Title</u>
6            <u>VII</u>

7       Plaintiff's race and age discrimination arguments all rest on
8  the same facts, so the Court will analyze these claims together, as
9  all suffer from the same flaw.  Plaintiff has not presented
10 sufficient evidence to raise a genuine issue regarding
11 discriminatory intent, whether based on age or race.  <u>See</u> <u>Guz v.</u>
12 <u>Bechtel National, Inc.</u>, 24 Cal. 4th 317, 354 (Cal. 2000)(requiring,
13 under the burden-shifting analysis, evidence that the employer's
14 intent or motive was discriminatory); <u>Kentucky Retirement Systems</u>
15 <u>v. E.E.O.C.</u>, 128 S. Ct. 2361, 2366 (2008)(requiring under ADEA that
16 the employee's age "actually motivated the employer's decision").

17      Plaintiff's only evidence of discriminatory intent based on
18 race is Lal's book and the statistics of district hiring patterns.
19 Neither of these create any reasonable inferences regarding
20 Plaintiff and his race (Caucasian), and their relationship to his
21 employment at Will Rogers.  <u>See also</u> <u>American Federation of State,</u>
22 <u>County, and Mun. Employees, AFL-CIO (AFSCME) v. State of Wash.</u>, 770
23 F.2d 1401, 1407 (9th Cir. 1985)(statistical evidence, by itself, is
24 insufficient to establish discriminatory intent without
25 corroborating evidence).

26      Similarly, regarding age discrimination, Plaintiff's only
27 evidence of age discrimination is his declaration, where he states
28 that it is his "information and belief" that he was replaced by

                                   4

1  younger workers, in addition to his testimony that he talked to

2  three younger workers who reported fewer visits or discipline from

3  Butler. (DeLaney Depo. 105:-106.)  This is insufficient to create a

4  genuine issue of material fact, because no reasonable juror could

5  believe that these vague allegations establish animus based on age

6  or any motivation based on age.  Where the <u>only</u> evidence presented

7  is "uncorroborated and self-serving" testimony by Plaintiff, this

8  cannot raise a genuine issue of material fact.  <u>Villiarimo v. Aloha</u>

9  <u>Island Air, Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002).

10      As there is no genuine issue of material fact, the Court finds

11  that Plaintiff's claims based on age and racial discrimination

12  fail.

13      B.   <u>Harassment and Failure to Prevent Harassment</u>

14      The elements of a claim for hostile environment age harassment

15  are that Plaintiff was: "(1) subjected to verbal or physical

16  conduct because of his age, (2) the conduct was unwelcome, and (3)

17  the conduct was sufficiently severe or pervasive to alter the

18  conditions of plaintiff's employment and create an abusive working

19  environment."  <u>Juell v. Forest Pharmaceuticals, Inc.</u>, 456 F. Supp.

20  2d 1141, 1157 (E.D. Cal. 2006)(internal quotations and brackets

21  omitted).

22      Again, Plaintiff provides no evidence which raises a genuine

23  dispute as to harassment <u>based on age</u>.  Instead, Plaintiff

24  speculates about the District's and Butler's motivation for its

25  discipline practices, without providing any evidence that

26  Plaintiff's harassment was tied to his age.  A plaintiff must

27  further present evidence that his or her workplace was "permeated

28  with discriminatory intimidation," <u>Harris v. Forklift Sys., Inc.</u>,

510 U.S. 17, 21 (1993), such that it is "subjectively and objectively" abusive.  <u>Fuller v. City of Oakland</u>, 47 F.3d 1522, 1527 (9th Cir. 1995).  Plaintiff states generally that he had confrontations with Butler on "more than one occasion," where Butler moved "into [his] personal space" to berate and angrily reprimand Plaintiff in a physically threatening manner.  (Delaney Decl. ¶ 9.)  Again, even assuming that this is subjectively abusive, there is no evidence the abuse is based on age.

As Plaintiff has not raised a genuine issue of material fact, the Court finds that he has not presented a claim for hostile work environment harassment based on age.  As Plaintiff's claim for harassment fails, Plaintiff's claim for failure to prevent harassment also fails.

**IV.  CONCLUSION**

For the above reasons, the Court GRANTS Defendant's motion for summary judgment.


IT IS SO ORDERED.



Dated: August 6, 2009

                                                 DEAN D. PREGERSON
                                         United States District Judge